UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In Re: | § | CASE NO. 16-33804-SGJ-7 |
|---|---|---|
| | § | |
| BRIAN P. MIN, DEBTOR | § | CHAPTER 7 |
| | § | |
| ALPHA OMEGA CHL INC., | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2160-B |
| | § | |
| BRIAN MIN, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court in this bankruptcy appeal is Appellant Alpha Omega CHL, Inc.'s (Alpha Omega) motion to extend the deadline to file its appellant's brief—a motion that Alpha Omega filed after the deadline to file its appellant's brief elapsed. The Court DENIES Alpha Omega's motion and DISMISSES this appeal.

I.

BACKGROUND

Alpha Omega filed its notice of appeal in this case on August 11, 2017. Doc. 1-1, Am. Notice of Appeal, 1–2. Subsequently, on October 6, 2017, the Bankruptcy Clerk transmitted the record on appeal to this Court. Doc. 2, Notice. At that point, the record was electronically available on the Court's electronic filing system's website. *Id.* On December 1, 2017, having received no appellant's brief, the Court ordered the parties to show cause why it should not dismiss Alpha Omega's appeal.

Doc. 3, Order to Show Cause. Alpha Omega's counsel responded that although she had been monitoring the appeal, she did not notice that the Bankruptcy Clerk transmitted the record on appeal on October 6, 2017 because she was in the midst of a multiday trial. Doc. 4, Response. Alpha Omega now contends that the Court should not dismiss its appeal but instead give Alpha Omega until January 5 to file its appellant's brief. *Id.* Brian Min, the debtor and appellee, opposes Alpha Omega's motion to extend and submitted briefing explaining why. Doc. 9, Objection. Alpha Omega replied. Doc. 11, Reply.[1] Alpha Omega's opposed motion to extend is thus ripe for review.

## II.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8018 sets the briefing schedule for bankruptcy appeals and imposes penalties for failure to adhere to the briefing schedule. An appellant in a bankruptcy appeal "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). If an appellant fails timely to file a brief, a district court may, after giving notice, dismiss the appeal. Fed. R. Bankr. P. 8018(a)(4).

But missing a deadline does not always spell certain doom for the tardy party. Federal Rule of Bankruptcy Procedure 9006(b)(1) states that

> when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time

---

[1] Alpha Omega attached its appellant's brief and accompanying appendix to its reply. Doc. 12, Br. Appellant.; Doc. 13, App'x to Br. Appellant. The Court has not considered these materials. *See In Re Prism Graphics, Inc.*, 666 Fed. App'x 355, 357 (5th Cir. 2016) ("[T]he merits of the underlying appeal are not relevant to the question of whether "the failure to comply with a filing deadline is attributable to negligence.").

> in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). Although no rule or statute defines "excusable neglect," the Supreme Court has weighed in. Whether neglect is excusable is an equitable determination in which courts must consider "relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The factors courts must consider include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Although excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant," "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. The Supreme Court has made clear also that "clients must be held accountable for the acts and omissions of their attorneys." *Id.* at 396. Expanding on *Pioneer*, the Fifth Circuit has said that "if counsel's behavior so thoroughly falls below a certain threshold, a district court's determination regarding excusable neglect will not be disturbed if the court has considered the moving party's proffered evidence." *Silvercreek Mgmt, Inc. v. Banc of Am. Secs., LLC*, 534 F.3d 469, 472–73 (5th Cir. 2008).

### III.

### ANALYSIS

Here, Alpha Omega's attorney's behavior falls clearly below "a certain threshold." *See id.* at 472–73. The Federal Rules of Bankruptcy Procedure are clear that an appellant has thirty days after the record on appeal becomes electronically available to file an appellant's brief. Fed. R. Bankr. P.

8018(a)(1). And the October 6, 2017 docket entry, available on the Court's electronic filing system, clearly states that the bankruptcy clerk transmitted the record on appeal on October 6, and the entry contains obvious links to the record. Doc. 2, Notice. Anyone actually keeping track of the docket in this case would have noticed that the record was transmitted and became electronically available on October 6, 2017.

Apparently, such is not the case here. Thirty days after the record was transmitted, Alpha Omega had not submitted an appellant's brief. Not until prompted by the Court on December 1, 2017, nearly a month after the date on which Alpha Omega should have filed its brief, did Alpha Omega ask to extend the deadline. Doc. 4, Response. The only excuse Alpha Omega's attorney offered was that she was in the middle of a trial on October 6 and that the trial prevented her from noticing that the record had become electronically available. *Id.*

The Fifth Circuit affirmed a district court's denial of a motion to extend on similar facts. In *Silvercreek Managment*, a class-action plaintiff missed the deadline to opt out of a class settlement and moved for an extension of time to opt out. *Silvercreek*, 534 F.3d at 472. The district court denied the plaintiff's motion. *Id.* The Fifth Circuit affirmed because orders and other documents on the "esl website"[2] put the plaintiff's counsel on notice of the deadline. *Id.* at 473. The district court acted within its discretion when it denied the plaintiff's motion because "it considered [the plaintiff's] proffered evidence and determined that counsel's performance fell below the threshold required for neglect to be excusable." *Id.*

Denying Alpha Omega's motion to extend in this case is proper for the same reason.

---

[2] "Esl website" refers to the "electronic Enron securities litigation ("esl") service system." *Id.* at 471. Apparently, "[a]ll notices, motions, and orders were served on [class members]" through the esl. *Id.*

Considering the *Pioneer* factors and evidence before the Court, the Court determines that Alpha Omega's neglect was not excusable. Similarly to the *Silvercreek* plaintiff, an electronic docket entry in this case put Alpha Omega's attorney on notice of the appellant-brief deadline. Thus, "the attorney's performance fell so thoroughly below the threshold required for her neglect to be excusable" that the Court denies Alpha Omega's motion to extend. *See Silvercreek*, 534 F.3d at 472–73.

Alpha Omega's argument that Min would not be prejudiced by allowing Alpha Omega to file its brief late fails. As long as this appeal is pending, claims on Min's assets are uncertain, which denies Min the "fresh start" a debtor is supposed to achieve after going through bankruptcy proceedings. *See Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934) ("One of the primary purposes of the Bankruptcy Act is to 'relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.'") (quoting *Williams v. U.S. Fid. & Guar. Co.*, 236 U.S. 549, 554–55 (1915)). But even if Min were not prejudiced, the Fifth Circuit has rejected the argument that demonstrating lack of prejudice to the nonmovant always makes neglect excusable. *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998). Attorneys must follow the rules and keep track of their cases even when failing to do so would not clearly prejudice their opponents.

## IV.

## CONCLUSION

The Court DENIES Alpha Omega's motion to extend and DISMISSES this appeal.

SO ORDERED.

SIGNED: January 3, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE