UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In Re: | § | CASE NO. 16-33804-SGJ-7 |
|---|---|---|
| | § | |
| BRIAN P. MIN, DEBTOR | § | CHAPTER 7 |
| | § | |
| ALPHA OMEGA CHL INC., | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-02160-B |
| | § | |
| BRIAN MIN, | § | |
| | § | |
| Appellee. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court in this bankruptcy appeal is Appellant Alpha Omega CHL, Inc.'s (Alpha Omega) Motion for Rehearing, in which Alpha Omega contends that the Court erred in dismissing its appeal for failing to file its appellant brief on time. Based on new facts Alpha Omega has presented, the Court GRANTS Alpha Omega's Motion for Rehearing and REINSTATES this appeal.

## I.

## BACKGROUND[1]

Alpha Omega timely filed its notice of appeal in this case on August 11, 2017. Doc. 1-1, Am. Notice of Appeal, 1–2. Subsequently, on October 6, 2017, the Bankruptcy Clerk transmitted the

---

[1] The facts are taken from the parties' briefing on Alpha Omega's Amended Motion to Extend, Doc. 7, Am. Mot. to Extend, and Motion for Rehearing, Doc. 15, Mot. for Reh'g.

- 1 -

record on appeal to this Court. Doc. 2, Notice. At that point, the record was electronically available on the Court's electronic filing system's website. *Id.* The docket entry containing the record stated,

> Notice of transmission of DEFICIENT bankruptcy record on appeal for bankruptcy case number 16-33804. Pursuant to Fed. R. Bankr. P. 8010, the bankruptcy clerk has transmitted the record on appeal to the U.S. District Court. See District Court Local Bankruptcy Rules 8009.1 and 8006.6 and the Notice Regarding Application of Certain Local Bankruptcy Rules for information on briefing times and record requests. (Attachments: # 1 Mini Record Vol. 1, # 2 Appellant Record Vol. 2, # 3 Appellant Record Vol. 3, # 4 Appellant Record Vol. 4).

Doc. 2, Notice of Transmission.

On December 1, 2017, having received no appellant's brief, the Court ordered the parties to show cause why it should not dismiss Alpha Omega's appeal. Doc. 3, Order to Show Cause. Alpha Omega's counsel responded that although she had been monitoring the appeal, she did not notice that the Bankruptcy Clerk transmitted the record on appeal on October 6, 2017 because she was in the midst of a multiday trial. Doc. 4, Resp. Alpha Omega contended also that the Court should not dismiss its appeal but instead give Alpha Omega until January 5 to file its appellant's brief. *Id.* Brian Min, the debtor and appellee, opposed Alpha Omega's motion to extend and submitted briefing explaining why. Doc. 9, Obj. Alpha Omega included its appellant's brief with its reply, which the Court has not considered. Doc. 11, Reply. The Court denied Alpha Omega's motion to extend and dismissed the appeal, reasoning that Alpha Omega's attorney's failure to notice that the bankruptcy record had been transmitted was not excusable neglect. Doc. 14, Order.

Now, Alpha Omega argues that the Court erred in dismissing its appeal. Doc. 15, Mot. for Reh'g. Min responded, Doc. 17, Obj., and Alpha Omega replied, Doc. 19, Resp. Alpha Omega's Motion for Rehearing is thus ripe for review.

## II.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022(a)(1) states that, within fourteen days from a court's order, a party to a bankruptcy appeal can file a motion for rehearing. "The motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). If the court grants the motion for rehearing, the court can issue any appropriate order. Fed. R. Bankr. P. 8022(a)(4)(c). Rule 8022 does not provide a standard for determining whether rehearing is proper, nor has the Fifth Circuit provided such a standard. One district court in the Fifth Circuit has said that "the [rule 8022] standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law." *In Re Coleman*, Civil Action No. 15-569, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015) (citing *In Re Hessco Indus., Inc.*, 295 B.R. 372, 375 (9th Cir. 2003)).

## III.

## ANALYSIS

Alpha Omega has added to the story it told in its Amended Motion to Extend. In its Amended Motion to Extend, Alpha Omega stated, "On October 6, 2017, the Clerk transmitted the record on appeal. Counsel for Appellant had been monitoring the appeal, and did not realize the Reporter's Record was included in that transmittal." Doc. 7, Am. Mot. to Extend, ¶ 4. Based on this statement, the Court took Alpha Omega to be admitting that its attorney just did not read the October 6, 2017 docket entry carefully. Because the Court found the attorney's failure to read carefully to be not only negligent but inexcusable, the Court dismissed Alpha Omega's appeal. Doc.

14, Order, 3–5.

In its Motion for Rehearing, however, Alpha Omega alleges that its counsel "reviewed the Notice and the record" and understood based on the notice, which said the record was deficient, and her review of the record, which revealed that an exhibit was missing from the record, that the record was incomplete. Doc. 15, Mot. for Reh'g, ¶ 13. Alpha Omega's attorney says she did not think the incomplete record triggered rule 8018(a)'s thirty-day briefing deadline. *Id.* at ¶ 15, Ex. A ¶ 17. That said, counsel still admits she did not read the docket entry carefully enough to notice that it contained the record. *Id.* at Ex. A ¶ 17. Essentially, Alpha Omega has partially recast its attorney's mistake. What once was only a mistake of fact—not noticing the record was in the docket entry—is now also partially a mistake of law—not understanding that the transmission of a deficient record triggered the briefing deadline.

Alpha Omega's attorney was incorrect to think that the deficiency of the record kept her from having to file a brief. Federal Rule of Bankruptcy Procedure 8018(a)(1) requires the appellant "to serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." The rule says nothing about deficient records, nor do the Northern District of Texas's local bankruptcy rules. The Court can find no authority stating that the transmission of a deficient bankruptcy does not trigger rule 8018(a)'s briefing schedule. The Court notes also that Alpha Omega's attorney, although she claims not to have realized that the transmission of a deficient record triggered the briefing deadline, does not claim to have performed any research or investigation to determine the effect of a deficient record on rule 8018(a)'s briefing schedule. A competent attorney would have done so given that rule 8018(a)(4) authorizes the Court to dismiss appeals in which the appellant fails to file a brief on time.

All that said, the legal mistake Alpha Omega now claims its counsel made is less egregious than merely failing to read the docket entry containing the record, which changes the application of the *Pioneer* factors. In *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'Ship*, the Supreme Court said courts must consider the following factors when determining whether an attorney's negligence is excusable: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. 380, 395 (1993). As to whether the error was within counsel's control, the Court has found no case or rule clearly stating that a deficient record has no effect on rule 8018(a)'s briefing schedule. The Court must emphasize, though, that hastily reading exceptions into rules is dangerous; attorneys put their clients at risk by doing so. Counsel here should not have taken for granted that transmission of a deficient record did not trigger the briefing deadline. Indeed, as stated above, rule 8018(a) does not distinguish between complete and deficient records; the clerk's transmission of either triggers rule 8018(a)(1)'s thirty-day deadline.

But, though "mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer*, 507 U.S. at 392, the Court no longer finds that "counsel's behavior so thoroughly falls below a certain threshold" as to warrant the dismissing of this appeal, *Silvercreek Mgmt., Inc. v. Banc of Am. Secs., LLC*, 534 F.3d 469, 472–73 (5th Cir. 2008). Recognizing that dismissal is a drastic sanction, *In Re CDPC, Inc.*, 221 F.3d 693, 698 (5th Cir. 2000), and reapplying the remaining three *Pioneer* factors, the Court finds that there is no evidence of bad faith, that the length of the delay will not significantly impact this appeal, and, though this appeal continues to cast a cloud over Min, allowing Alpha Omega to file its brief will not impair Min in this appeal. Again, the Court recognizes that an

attorney erroneously construing a rule is not generally excusable. *Pioneer*, 507 U.S. at 392. On the specific facts of this case, though, the Court finds that counsel's mistake was excusable. Thus, the Court grants Alpha Omega's motion for rehearing and reinstates this appeal.

## IV.

## CONCLUSION

The Court GRANTS Alpha Omega's Motion for Rehearing and therefore REINSTATES this appeal. Because Alpha Omega already attached its appellant's brief to one of its papers, *see* Doc. 13, App'x in Support of Reply, the Court ORDERS Alpha Omega to file and serve on Min its appellant's brief by CLOSE OF BUSINESS TODAY. As per Federal Rule of Bankruptcy Procedure 8018(a), Min will have 30 days to file its appellee's brief, and Alpha Omega will have fourteen days to file its reply after being served with Min's appellee's brief.

**SO ORDERED.**

**SIGNED: February 1, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE