UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | CASE NO. 16-33804-SGJ-7 |
| | § | |
| BRIAN P. MIN, DEBTOR | § | CHAPTER 7 |
| | § | |
| ALPHA OMEGA CHL INC., | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-02160-B |
| | § | |
| BRIAN MIN, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

This is a Motion for Rehearing on a Motion for Rehearing. After Alpha Omega failed to timely file its appellant's brief, the Court ordered the parties to brief the question of whether the Court should dismiss Alpha Omega's appeal. Doc. 3, Order; Doc. 8, Order; Doc. 10, Order. Although the Court dismissed Alpha Omega's appeal, Doc. 14, Order, Alpha Omega filed a Motion for Rehearing, asking the Court to reinstate its appeal, Doc. 15, Mot. for Reh'g. The Court granted Alpha Omega's motion and reinstated the appeal. Doc. 20, Order. Thereafter, at the Court's direction, Alpha Omega immediately filed its appellant's brief. Doc. 21, Br. App. And now, Min has responded not with an appellee's brief but with a Motion for Rehearing of his own, in which he again asks the Court to dismiss Alpha Omega's appeal. Doc. 22, Mot. for Reh'g.

At the outset, Min's motion is untimely. The applicable rule is Federal Rule of Bankruptcy Procedure 8013(b), which states that "[a] party adversely affected by the ruling may move to

reconsider, vacate, or modify it within 7 days after the procedural order is served." Rule 8022(a)'s 14 day deadline does not apply because the Court's order on Alpha Omega's Motion for Rehearing was not "an entry of judgment on appeal." Fed. R. Bankr. P. 8022(a)(1). The Court issued its order on Alpha Omega's Motion for Rehearing on February 1, 2018, Doc. 20, Order, which is more than seven days before Min filed this motion.

But even if Min's motion were timely, the Court would deny it. To address Min's request, the Court must first describe its reasons for dismissing Alpha Omega's appeal and reinstating it. The Court dismissed Alpha Omega's appeal because Alpha Omega argued in its Motion to Extend only that its attorney did not carefully read the docket entry containing the record on appeal and therefore did not realize that the October 6, 2017 transmission of the record, Doc. 2, Notice of Transmission, triggered Federal Rule of Bankruptcy Procedure 8018(a)'s briefing schedule. Doc. 14, Order, 3–5. In Alpha Omega's Motion for Rehearing, however, Alpha Omega changed its story a bit, noting that only a deficient record was transmitted and that its attorney did not realize that a deficient record triggered rule 8018(a)'s briefing schedule. Doc. 15, Mot. for Reh'g, ¶ 13, ¶ 15, Ex. A ¶ 17. Finding this mistake to be less egregious than merely failing to read carefully, the Court granted Alpha Omega's Motion for Rehearing and reinstated this appeal. Doc. 20, Order, 5.

Min says the Court erroneously reinstated the appeal. Doc. 22, Mot. for Reh'g., ¶ 6. Min relies in part on *In Re Davenport*, 342 B.R. 482 (Bankr. S.D. Tex. 2006). *Id.* at ¶ 9. *Davenport* was a bankruptcy appeal in which an attorney failed to timely file a notice of appeal. *Davenport*, 342 B.R. at 492. The attorney's excuse was that she never received notice of the bankruptcy court's final judgment. *Id.* at 498. The district court refused to let the appellant have an out-of-time appeal. *Id.* at 504–05.

But *Davenport* does not change the Court's mind. Whereas Alpha Omega's attorney failed to file an appellant's brief on time, the attorney's mistake in *Davenport* was the failure to file a notice of appeal. But a key difference—not mentioned by Min—between briefing deadlines and notice-of-appeal deadlines is that the latter are jurisdictional and strictly construed. *Id.* at 496. Thus, even if Alpha Omega's attorney's error were the same as the *Davenport* attorney's, *Davenport* would not be solid grounds for dismissing Alpha Omega's appeal.

Nor do the Federal Rules of Appellate Procedure Min cites warrant dismissal. *See* Doc. 22, Mot. for Reh'g, ¶ 9 (citing Fed. R. App. P. 10(e)(3), 11(a) and 5th Cir. R. 30.1). Min claims that "this Court's rules" include "directives" that "if there is some ambiguity in regards to the docket and case status, the part [*sic*], who not only has an affirmative duty to monitor the docket, has also been directed to make some contact with the clerk to obtain clarification." First, neither the Federal Rules of Appellate Procedure nor the Fifth Circuit's local rules are this Court's rules; the Federal Rules of Bankruptcy Procedure apply in this case. Second, the rules Min cites do not include the "directives" he says they do.

The Court thus **DENIES** Min's Motion for Rehearing.

**SO ORDERED.**

**SIGNED: February 12, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE