UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In Re: | § | CASE NO. 16-33804-SGJ-7 |
|---|---|---|
| | § | |
| BRIAN P. MIN, DEBTOR | § | CHAPTER 7 |
| | § | |
| ALPHA OMEGA CHL INC., | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-02160-B |
| | § | |
| BRIAN MIN, | § | |
| | § | |
| Appellee. | § | |

# OPINION

Alpha Omega CHL, Inc. (AO) was a creditor of Brian Min (Min) and has appealed the bankruptcy court's denial of its motion to reopen Min's bankruptcy proceedings. A bankruptcy court may reopen a case for, among other reasons, "cause." AO argues there is cause to reopen Min's case because AO had no notice of Min's bankruptcy proceedings and therefore no opportunity to participate. AO further contends that the bankruptcy court abused its discretion by placing the burden on AO to show that it did not receive notice. But because the movant bears the burden of establishing cause to reopen a case, this Court holds that the bankruptcy court acted within its discretion when it denied AO's motion and therefore **AFFIRMS** the bankruptcy court.

# I.

# BACKGROUND

*A. Factual Background[1]*

Min filed for Chapter Seven bankruptcy on September 29, 2016, ROA 8, and received his discharge on January 11, 2017, ROA 12. Min owed one of the discharged debts to AO. ROA 206. But AO claims to have received no notice of Min's bankruptcy, Doc. 12, Appellant's Br., 9, and did not attend the creditors' meeting, file a claim, or otherwise appear in Min's bankruptcy proceedings, ROA 192, 194. Min listed AO as a creditor with the address 340 S. Heartz Road, Coppell, Texas 75019-5816, and sent notice of the proceedings to that address and to William Chu, ROA 8, 22, 73, AO's attorney in a state-court civil case in which AO sued Min over the same debt at issue here, ROA 206. Neither notice was returned as undeliverable. ROA 8. And the same day that Min filed for bankruptcy, he filed suggestions of bankruptcy in both the trial and appellate court in which AO's case against him was pending. ROA 206. Electronic notices of the suggestions of bankruptcy Min filed in the state courts were electronically served on Chu and Chu's associate David Paulson. ROA 206, 481. A read receipt indicates that Chu or Paulson viewed the notice containing the suggestion of bankruptcy, and on October 4, 2016 the state appellate court sent a letter to Chu advising him that AO's case had been abated on account of Min's bankruptcy. *Id.* Min's bankruptcy case was closed as a no-asset case on February 3, 2017. ROA 12.

AO says it did not receive notice of Min's bankruptcy because the Coppell address was out of date and that AO's address registered with the Texas Secretary of State since 2015 has been 2760

---

[1] The Court takes the facts from the Record on Appeal, denoted in citations "ROA."

FM 917, Mansfield, Texas. Doc. 12, Appellant's Br., 13; ROA 196, 510.

*B. Procedural History*

On May 3, 2017, AO filed a motion to reopen Min's bankruptcy case, arguing that the case should be reopened because AO never received notice of nor had the chance to participate in Min's proceedings. ROA 129. After Min responded and AO replied, the bankruptcy court held an evidentiary hearing on AO's motion at which the court admitted all of the parties' exhibits and heard testimony from several witnesses. ROA 481–556. The bankruptcy court denied AO's motion to reopen the case, reasoning at the hearing that Min's sending notice to AO's Coppell address and to William Chu was reasonable and therefore that AO failed to meet its burden of establishing cause to reopen Min's case. ROA 554. The written order denying AO's motion states only that AO's motion was denied for the reasons given in the record. ROA 6.

AO timely filed its notice of appeal on August 15, 2017. ROA 1, 4. The appeal is fully briefed and thus ripe for review.

## II.

## STANDARD OF REVIEW

A bankruptcy court may reopen a case for cause. 11 U.S.C. § 350(b); Fed. R. Bankr. P 5010. The burden of proof is on the movant to establish that a case should be reopened. *First, Nat'l Bank Bank of Jeffersonville v. Goetz (In re Goetz)*, No. 03-39850-H3-11, Adversary No. 08-3341, 2009 Bankr. LEXIS 5521, at *6 (S.D. Tex. April 24, 2009). A district court will reverse a bankruptcy court's decision on a motion to reopen only if the bankruptcy court abused its discretion. *In re Faden*, 96 F.3d 792, 796 (5th Cir. 1996). A bankruptcy court abuses its discretion if it "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the

facts." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012).

## III.

## ANALYSIS

AO argues that the bankruptcy court abused its discretion by relying on an erroneous conclusion of law. Doc. 12, Appellant's Br., 10. According to AO, the bankruptcy court erroneously put the burden on AO to establish that it did not receive notice of Min's proceedings even though the law requires the debtor to establish that creditors received notice of proceedings. *Id.* at 12. Indeed, the bankruptcy judge stated that "[AO] did not meet its burden of showing lack of notice and therefore cause to reopen the bankruptcy." ROA 554.

But the bankruptcy court correctly placed the burden of proof on AO. The party moving to reopen a case under § 350(b) bears the burden of establishing cause to reopen the case. *Goetz*, 2009 Bankr. LEXIS, at *6. AO's cause for reopening the case was that it did not receive notice of Min's bankruptcy and therefore could not participate. The bankruptcy court denied the motion because it found the notice Min sent to AO's former address and to AO's attorney reasonable. ROA 554. The decision whether to reopen a case under § 350(b) is committed to the sound discretion of the bankruptcy court, *Faden*, 96 F.3d at 796, and this Court holds that the bankruptcy court acted within its discretion by finding the notice Min sent reasonable under the circumstances and denying AO's motion.

AO's argument fails because it conflates the burden of proof applicable to its § 350(b) motion with the burden of proof that would possibly apply to the 11 U.S.C. § 523(a)(3) claim AO wants to make if Min's case is reopened. Section 523 exempts from discharge a debt

> neither listed nor scheduled under section 521(a)(1) of this title, with the name, if

known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

§ 523(a)(3)(B). If a debt is neither listed nor scheduled, a debtor must show that the creditor corresponding to the debt had notice or actual or knowledge of the case. *U.S. Small Bus. Admin. v. Bridges*, 894 F.2d 108, 111 (5th Cir. 1990).

AO has the cart before the horse. First, it must establish cause to reopen Min's proceedings. *Goetz*, 2009 Bankr. LEXIS, at *6. Only were the case reopened would Min bear the burden of showing that AO had notice or actual knowledge of the proceedings and would bear that burden only if Min's debt to AO were unlisted. *See* § 523(a)(3). The bankruptcy court thus correctly placed the burden on AO to show that it did not receive adequate notice of Min's bankruptcy.

## IV.
## CONCLUSION

Because the bankruptcy court acted within its discretion when it found that AO failed to establish cause to reopen Min's bankruptcy proceedings, this Court **AFFIRMS** the bankruptcy court's denial of AO's motion.

**SO ORDERED.**

**SIGNED: May 2, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE